1  CALDWELL LESLIE & PROCTOR, PC
   LINDA M. BURROW, State Bar No. 194668
2    *burrow@caldwell-leslie.com*
   KELLY L. PERIGOE, State Bar No. 268872
3    *perigoe@caldwell-leslie.com*
   725 South Figueroa Street, 31st Floor
4  Los Angeles, California 90017-5524
   Telephone: (213) 629-9040
5  Facsimile: (213) 629-9022

6  Attorneys for FOX BROADCASTING
   COMPANY, erroneously sued as "FOX
7  BROADCASTING"

8

9                **UNITED STATES DISTRICT COURT**

10       **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

| 12 RON NEWT, | Case No. 2:15-CV-2778-CBM-JPR |
|---|---|
| 13           Plaintiff, | **NOTICE OF MOTION AND MOTION OF DEFENDANT FOX** |
| 14      v. | **BROADCASTING COMPANY TO DISMISS COMPLAINT;** |
| 15 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 16 RUPERT MURDOCH; FOX BROADCASTING; EMPIRE | |
| 17 TELEVISION SHOW; LEE DANIELS; DANNY STRONG; TERRENCE | **[[Proposed] Order filed concurrently herewith]** |
| 18 HOWARD; MALCOLM SPELLMAN, | The Honorable Consuelo B. Marshall |
| 19           Defendants. | Date:         July 7, 2015 |
| 20 | Time:         10:00 a.m. Crtrm.:        2 |
| 21 | Action Filed:   April 15, 2015 Trial Date:     None Set |

22

23

24

25

26

27

28

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 7, 2015 at 10:00 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Consuelo B. Marshall, located in the United States Courthouse, 312 North Spring Street, Los Angeles, California 90012, Defendant Fox Broadcasting Company ("Fox"), erroneously sued as "Fox Broadcasting," will and hereby does move this Court to dismiss the sole claim asserted against it by Plaintiff Ron Newt ("Plaintiff").

This Motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) and is based upon the ground that Plaintiff has failed to allege that he registered a copyright for the work at issue, which, under 17 U.S.C. § 411(a), is a prerequisite to bringing a civil action for copyright infringement. *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010).

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, all of the pleadings and other documents on file in this case, all other matters of which the Court may take judicial notice, and any further argument or evidence that may be received by the Court at the hearing.

Pursuant to Local Rules 7-3 and 16-12(c), no conference of counsel was required because Plaintiff is proceeding *pro se*. Counsel for Fox first attempted to contact Plaintiff by calling his cellphone on May 15, 2015, but the call went straight to voicemail and the cellphone mailbox was full. Counsel for Fox reached Plaintiff on his cellphone on May 20, 2015, and completed the conference.

DATED:  May 22, 2015                    CALDWELL LESLIE & PROCTOR, PC

By   */s/ Linda M. Burrow*
_____
    LINDA M. BURROW
Attorneys for FOX BROADCASTING
COMPANY, erroneously sued as "FOX
BROADCASTING"

CALDWELL
LESLIE &
PROCTOR

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.      INTRODUCTION ............................................................................................. 1

II.     RELEVANT BACKGROUND ......................................................................... 1

III.    LEGAL STANDARD ....................................................................................... 3

IV.     PLAINTIFF'S COMPLAINT MUST BE DISMISSED IN ITS
        ENTIRETY FOR FAILURE TO ALLEGE COPYRIGHT
        REGISTRATION ............................................................................................. 4

V.      CONCLUSION ................................................................................................. 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CALDWELL
LESLIE &
PROCTOR

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................. 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................. 3

*Cosmetic Ideas v. IAC/InteractiveCorp*,
    606 F.3d 612 (9th Cir. 2010) ............................................................... 4

*Funky Films, Inc. v. Time Warner Entm't Co., L.P.*,
    462 F.3d 1072 (9th Cir. 2006) ............................................................. 2

*Grant v. Aurora Loan Servs., Inc.*,
    736 F.Supp.2d 1257 (C.D. Cal. 2010) ................................................. 3

*Harper & Row, Publishers, Inc. v. Nation Enters.*,
    471 U.S. 539 (1985) ............................................................................. 2

*Kim Seng Co. v. J & A Importers, Inc.*,
    810 F.Supp.2d 1046 (C.D. Cal. 2011) ................................................. 5

*Kodadek v. MTV Networks, Inc.*,
    152 F.3d 1209 (9th Cir. 1998) .......................................................... 1, 4

*Newsom v. Countrywide Home Loans, Inc.*,
    714 F.Supp.2d 1000 (N.D. Cal. 2010) ................................................. 4

*NL Indus., Inc. v. Kaplan*,
    792 F.2d 896 (9th Cir. 1986) ............................................................... 4

*Reed Elsevier, Inc. v. Muchnick*,
    559 U.S. 154 (2010) ...................................................................... 1, 4, 5

*Ricketts v. Haah*,
    No. 2:13-CV-00521-ODW (CWx), 2013 WL 3242947
    (C.D. Cal. June 26, 2013) .................................................................... 5

**Statutes**

17 U.S.C. § 411(a) ................................................................................................ 4

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 3

CALDWELL
LESLIE &
PROCTOR

-iii-

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.   INTRODUCTION

3    *Pro se* Plaintiff Ron Newt claims to have written a book and a script about his

4    own "life story" titled *Bigger than Big* and claims that the television series *Empire*,

5    which airs on Defendant Fox Broadcasting Company's FOX television network,

6    infringes those works.  Plaintiff fails, however, to allege that he has registered—or

7    even has begun the process of registering—a copyright for his works.  Registration

8    is a "precondition to filing a [copyright] claim."  *Reed Elsevier, Inc. v. Muchnick*,

9    559 U.S. 154, 157 (2010); *see also Kodadek v. MTV Networks, Inc*., 152 F.3d 1209,

10   1211 (9th Cir. 1998) (describing registration as a "prerequisite to a suit based on a

11   copyright").  Plaintiff's failure to allege that his works were registered dooms his

12   entire Complaint, and his Complaint should therefore be dismissed.

13

## II.   RELEVANT BACKGROUND

14   The Complaint appears to identify four causes of action, but all four claims

15   simply allege the same "Copyright Infringement and Plagiarism" claim against the

16   same seven defendants and each of the separately designated claims relates to the

17   same works.  (*See* ECF No. 1 at 4-9.)  Plaintiff alleges that the Fox television series

18   *Empire* infringes Plaintiff's book and script about his "life story" titled *Bigger than*

19   *Big* (*id.* at 3:3-7, 8:3-14, 9:4-7[1]), and seeks $1 billion in damages (*id.* at 9:4-7).

20   Plaintiff names Rupert Murdoch, Fox Broadcasting Company ("Fox") (erroneously

21   sued as "Fox Broadcasting"), "Empire Television Show," Lee Daniels, Danny

22   Strong, Terrence Howard, and Malcolm Spellman (collectively, "Defendants") as

23   Defendants.  (*Id.* at 4:10-7:21.) [2]

24

---

25   [1] Only the first five paragraphs of the Complaint are numbered.  For the Court's ease

26   of reference, Fox refers to specific allegations in the Complaint by page and line
     number.

27   [2] Plaintiff purports to name seven defendants, but to the best of Fox's knowledge,
     only Fox has been served.  One of the defendants, "Empire Television Show," is not

28   a legal entity.

CALDWELL
LESLIE &
PROCTOR

Plaintiff alleges a number of perceived similarities between *Empire* and the facts of his "life story" as recounted in *Bigger than Big*. (*Id*. at 3:3-7; 4:10-7:21.) Specifically, Plaintiff claims that both stories involve four drug dealers being killed (*id*. at 4:10-12); a character shooting his friend (*id*. at 4:16-17); the arrest of a character while his children are performing (*id*. at 4:23-27); a character going to jail for drugs (*id*. at 7:7-8); a character being released from prison (*id*. at 5:7-10); a "roundtable" (*id*. at 5:13); "3 sons" (*id*. at 6:7); a reference to a character being nine years old (*id*. at 7:13-17); and a character who writes songs together with another character (presumably the first character's son) (*id*. at 7:20-21). Plaintiff further alleges that certain *Empire* characters have similar clothes and hair to certain *Bigger than Big* characters (*id*. at 5:20-21); that the coats worn by a character in *Empire* are the "same style" as worn by a character in *Bigger than Big* (*id*. at 6:13-14); and that a character in *Empire* wears a hat in the pilot episode that is the "same look" as a *Bigger than Big* character's hat (*id*. at 6:20-21).[3]

Plaintiff alleges that he met with Defendant Terrence Howard (one of *Empire's* stars) "at the four season hotel [sic] to discuss Ron's [Plaintiff's] life story in the book *Bigger than Big*." (*Id*. at 3:3-7.) Plaintiff claims that Howard "told [Plaintiff] that he wanted to play him in the film." (*Id*.) Plaintiff alleges that Howard was then "given the book and script of *Bigger than Big*." (*Id*.) Plaintiff

---

[3] In the event that Plaintiff is able to cure his failure to plead copyright registration of his works, Fox reserves its right to seek dismissal on several other grounds, including, among other things, that Plaintiff cannot claim a copyright in the *facts* of his "life story," *Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 556 (1985), and that he has failed to allege any similarities between *Bigger than Big* and *Empire* other than his general plot ideas, which are not protectable elements under well-established copyright law. *See Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1081 (9th Cir. 2006) (observing that "[g]eneral plot ideas are not protected by copyright law; they remain forever the common property of artistic mankind") (internal quotation marks and citation omitted).

CALDWELL
LESLIE &
PROCTOR

-2-

1   seeks "1 Billion Dollars for Copyright Infringement . . . from my book *and life*" as

2   recounted in *Bigger than Big*.  (*Id.* at 9:4-7) (emphasis added).

3          Along with his Complaint, Plaintiff filed a document entitled "Cease &

4   Desist," in which he purports to request a cease and desist order against Fox "to halt

5   the production of Fox television show 'Empire' based on the grounds of" his

6   Complaint.  (ECF No. 2.)

7          Plaintiff filed a Request to Proceed *In Forma Pauperis* on April 15, 2015.

8   (ECF No. 3.)  On April 24, 2015, Magistrate Judge Jean P. Rosenbluth issued an

9   order noting that Plaintiff had failed to answer questions 1.b and 3 of the *In Forma*

10  *Pauperis* application and ordering that if Plaintiff failed either to submit a complete

11  application or to pay the required filing fee within 21 days, the Complaint would be

12  subject to dismissal for failure to prosecute.  (ECF No. 6.)  Magistrate Judge

13  Rosenbluth's order was returned as undeliverable to the Court.  (*See* ECF No. 7.)

14  As of the date of this Motion, however, Plaintiff's Complaint had not yet been

15  dismissed.

16  **III.   LEGAL STANDARD**

17         "A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in

18  the complaint."  *Grant v. Aurora Loan Servs., Inc.*, 736 F.Supp.2d 1257, 1265 (C.D.

19  Cal. 2010).  "To survive a motion to dismiss, a complaint must contain sufficient

20  factual matter, accepted as true, to 'state a claim to relief that is plausible on its

21  face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

22  *Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the

23  plaintiff pleads factual content that allows the court to draw the reasonable inference

24  that the defendant is liable for the misconduct alleged."  *Id.*  "[A] plaintiff's

25  obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

26  labels and conclusions, and a formulaic recitation of the elements of a cause of

27  action will not do."  *Twombly*, 550 U.S. at 555 (alteration in original).   Moreover,

28

1  while a court must accept as true all material allegations in the complaint, as well as

2  reasonable inferences to be drawn from those allegations, *see NL Indus., Inc. v.*

3  *Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986), "'the tenet that a court must accept as

4  true all of the allegations contained in a complaint'" does not apply to legal

5  conclusions, even where, as in this case, Plaintiff is proceeding *pro se*. *See Newsom*

6  *v. Countrywide Home Loans, Inc*., 714 F.Supp.2d 1000, 1006 (N.D. Cal. 2010)

7  (quoting *Iqbal*, 556 U.S. at 678).

8  **IV.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED IN ITS**

9  **ENTIRETY FOR FAILURE TO ALLEGE COPYRIGHT**

10  **REGISTRATION**

11  Plaintiff's lawsuit must be dismissed—in its entirety—for the fundamental

12  reason that Plaintiff does not claim to have registered the works at issue.

13  Registration of a copyright is "a precondition to filing a claim," which "plaintiffs

14  ordinarily must satisfy before filing an infringement claim and invoking the

15  [Copyright] Act's remedial provisions." *Reed Elsevier*, 559 U.S. at 157-58; *see also*

16  17 U.S.C. § 411(a) (providing that "no civil action for [copyright] infringement . . .

17  shall be instituted until preregistration or registration of the copyright claim has been

18  made"). While "[c]opyright registration is not a prerequisite to a valid copyright,

19  . . . it is a prerequisite to a *suit* based on copyright." *Kodadek*, 152 F.3d at 1211

20  (emphasis added).

21  In the Ninth Circuit, a copyright plaintiff must allege that the Copyright

22  Office received the plaintiff's complete registration application prior to the filing of

23  the complaint as "an element of an infringement claim." *Cosmetic Ideas v.*

24  *IAC/InteractiveCorp*, 606 F.3d 612, 615, 621-22 (9th Cir. 2010). Failure to allege

25  pre-litigation registration with the Copyright Office is fatal and requires dismissal of

26  a copyright infringement claim. *Id.*; *see also Kodadek*, 152 F.3d 1212 (affirming

27

28

CALDWELL
LESLIE &
PROCTOR

-4-

dismissal of copyright claim because plaintiff failed to register original works with Copyright Office prior to filing of copyright lawsuit).

Even construing Plaintiff's Complaint broadly in his favor, he fails entirely to allege that he has registered, or filed a completed application to register, his supposed book or script for *Bigger than Big*.  Absent such an allegation, Plaintiff's Complaint, which seeks only relief under the Copyright Act, should be dismissed in its entirety.  *See Ricketts v. Haah*, No. 2:13-CV-00521-ODW (CWx), 2013 WL 3242947, at \*2 (C.D. Cal. June 26, 2013) (dismissing complaint because plaintiff "fail[ed] to identify any registered copyrights or allege that they have applied for them"); *Kim Seng Co. v. J & A Importers, Inc.*, 810 F.Supp.2d 1046, 1052 n.6 (C.D. Cal. 2011) (observing that "[i]t is well established that the Copyright Act requires copyright holders to register their works before suing for copyright infringement" ).

## V.    CONCLUSION

Plaintiff fails to allege that he has satisfied the "precondition" of copyright registration necessary to proceed with a copyright infringement claim.  *See Reed Elsevier*, 559 U.S. at 157.  As the only cause of action in Plaintiff's Complaint is for the alleged infringement of *Bigger than Big*, his Complaint should therefore be dismissed in its entirety.

DATED:  May 22, 2015            CALDWELL LESLIE & PROCTOR, PC
                                LINDA M. BURROW
                                KELLY L. PERIGOE


                                By   */s/ Linda M. Burrow*
                                _____
                                    LINDA M. BURROW
                                Attorneys for FOX BROADCASTING
                                COMPANY, erroneously sued as "FOX
                                BROADCASTING"

CALDWELL
LESLIE &
PROCTOR

-5-